PER CURIAM.
This matter is before the Court on respondent’s petition for leave to resign pending disciplinary proceedings pursuant to Florida Bar Integration Rule, article XI, Rule 11.08(2).
*74 Respondent is currently the subject of two pending disciplinary actions. In the first case, the referee, found he had solicited a one-year $10,000 loan without interest from a client in 1969 to relocate his practice. The loan was neither secured nor evidenced by any writing between the parties nor did Mr. Conrad advise his client of the legal ramifications of the transaction. During this period Mr. Conrad represented the client in various matters, including a divorce action. The loan was never repaid, and ultimately the client was forced to sue, which resulted in a judgment against Mr. Conrad in 1975 for $11,707.50, representing the entire principal plus interest and costs. The judgment was affirmed by the District Court of Appeal, Fourth District. The referee found this conduct to be in violation of Disciplinary Rules 1-102(A)(6) and 5-104(A) of the Florida Bar’s Code of Professional Responsibility. As discipline, he recommended that respondent be suspended for a period of six months and thereafter until he proves rehabilitation, pays costs, and satisfies the aggrieved party.
In a second disciplinary proceeding, the Ninth Judicial Circuit Grievance Committee found probable cause and filed its report dated September 29, 1978. The report in this matter reflects that Mr. Conrad was retained to handle two adoption cases in October, 1976, and was paid a fee of $450 to cover both. In August, 1977, after completing the first adoption case, he closed his office preparatory to leaving Florida and failed to complete the second adoption case or make adequate arrangements for a successor attorney to complete it. The lawyer he contacted to take over pending matters examined them and decided not to accept the offer after his review indicated additional problems with one adoption case and that a malpractice action from which he was to seek his fee was not likely to succeed. Thereafter, Mr. Conrad made no other arrangements on behalf of the client. The committee found probable cause for violations of Disciplinary Rules 2-110(A)(2) and 6-101(A)(3) of the Florida Bar’s Code of Professional Responsibility. That report has been served on Mr. Conrad.
The Bar filed the report and record of the first case with the Court on November 17, 1978. Mr. Conrad filed a petition for review and brief on December 11, 1978, and then filed his petition for leave to resign on December 12, 1978. The Bar approved the resignation provided that Mr. Conrad would agree to have the resignation order set forth the details of the pending disciplinary cases. The pending cases are automatically dismissed in accordance with Florida Bar Integration Rule, article XI, Rule 11.08(5), when a petition for leave to resign is granted. No response was filed by Mr. Conrad.
Accordingly, the petition for leave to resign is hereby granted, effective immediately, and costs are taxed against respondent in the amount of $397.15.
It is so ordered.
ENGLAND, C. J., and OVERTON, SUNDBERG, HATCHETT and ALDERMAN, JJ., concur.